UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY NGAUE,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>TOMMY LEWIS, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:19-cv-00509-MMD-CLB<br><br>ORDER |

Plaintiff Ricky Ngaue, who was formerly incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis* for prisoners. (ECF Nos. 1, 1-1.) Because Plaintiff is no longer incarcerated, the Court denies Plaintiff's application to proceed *in forma pauperis* for prisoners as moot. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.　　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Three Lakes Valley Conservation Camp ("TLVCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Tommy Lewis and Raphael Brice. (*Id.* at 1-2.) Plaintiff alleges one count and seeks monetary relief. (*Id.* at 3-9.)

Plaintiff alleges the following. While Plaintiff was housed in the Wells Conservation Camp ("WCC") and the Humboldt Conservation Camp ("HCC"), Plaintiff held a prison job with the Nevada Division of Forestry. (*Id.* at 3.) In 2018, Plaintiff was transferred to TLVCC. (*Id.*) While at TLVCC, Plaintiff met with Defendants Lewis and Brice for classification. (*Id.* at 4.) Defendants told Plaintiff that he could not work for the Nevada Division of Forestry because of Plaintiff's face tattoos. (*Id.*) Plaintiff explained that he had previously worked for the Nevada Division of Forestry and that Plaintiff's face tattoos were never a problem. (*Id.*) Lewis said some tattoos were okay, but Plaintiff's face tattoos were too big. (*Id.*) In 2019, Plaintiff was transferred to the Stewart Conservation Camp, where Plaintiff was again assigned to work for the Nevada Division of Forestry. (*Id.* at 3.)

Based on these allegations, Plaintiff claims Defendants violated Plaintiff's equal

protection rights. (*Id.* at 4.) In order to state an equal protection claim, a plaintiff must allege facts demonstrating defendants acted with the intent and purpose to discriminate against a plaintiff based upon membership in a protected class, or defendants purposefully treated a plaintiff differently than similarly situated individuals without any rational basis for the disparate treatment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required. *See Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001).

In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Olech*, 528 U.S. at 564. The Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one.'").

However, although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held the theory applies only in certain limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 603 (holding that the class-of-one theory does not apply in the public employment context); *see also Morrison v. Vierra*, 804 F. App'x 774 (9th Cir. 2020) (holding that a district court properly dismissed a prisoner's equal protection claim regarding prison employment because "the 'class-of-one' theory does not apply in the context of discretionary personnel decisions in public employment.").

///

The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff alleges that he was denied a job with the Nevada Forestry Division because of his face tattoos. Plaintiff does not allege that the discrimination was based on Plaintiff's membership in a protected class and appears to be bringing a claim on a "class-of-one theory." But the class of one theory does not apply in the context of public employment. *See Engquist*, 553 U.S. at 603. As such, Plaintiff cannot state a cognizable equal protection claim based on the allegation that Plaintiff was denied prison employment because of his face tattoos. The Court dismisses this claim with prejudice, as amendment would be futile.

**III.    MOTION FOR SUBMISSION**

Plaintiff filed a motion requesting that his complaint be submitted to the Court for a decision. (ECF No. 5 at 1.) The Court construes this as a motion for the Court to screen Plaintiff's complaint. In light of this order, the Court denies Plaintiff's motion as moot.

**IV.    CONCLUSION**

For the foregoing reasons, it is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Clerk of Court is further direct to file Plaintiff's Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the Complaint.

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed in its entirety with prejudice for failure to state a claim.

It is further ordered that Plaintiff's motion to submit the complaint (ECF No. 5) is denied as moot.

It is further ordered that the Court certifies any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

The Clerk of Court is further directed to enter judgment in accordance with this order and close this case.

DATED THIS 19th Day of October 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE